J-A23039-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| ALLURE HAIR DESIGNS AND MINI SPA, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLEES | |
| v. | |
| JOHN S. GEORGE, JR. AND JAAM REAL ESTATE HOLDINGS, LLC, | |
| APPELLANTS | No. 588 WDA 2018 |

Appeal from the Order April 18, 2018
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD16-005896

----------------------------------------------------------------------------------

| | |
|---|---|
| ALLURE HAIR DESIGNS AND MINI SPA, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPELLANTS | |
| v. | |
| JOHN S. GEORGE, JR. AND JAAM REAL ESTATE HOLDINGS, LLC, | |
| APPELLEES | |
| | No. 629 WDA 2018 |

Appeal from the Order Entered April 18, 2018
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD16-005896

BEFORE: BOWES, SHOGAN AND STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    FILED APRIL 11, 2019

These consolidated appeals arise from a landlord-tenant dispute in which the tenant, Allure Hair Designs and Mini Spa, Inc. ("Allure"), sued the landlord, John S. George, Jr. ("George"), and a limited liability company owned by George, Jaam Real Estate Holdings, LLC ("Jaam"), for breach of contract and fraud. The trial court, sitting without a jury, entered a memorandum and decision in Allure's favor on the contract claim. Unfortunately, the memorandum did not address many of the issues raised by the parties in their cross-appeals. Moreover, following the cross-appeals, the court failed to file a Pa.R.A.P. 1925(a) opinion. To remedy these omissions, we remand with directions for the trial court to prepare a detailed opinion on all issues raised by the parties in their cross-appeals.

On August 6, 2004, George leased Allure 1,309 square feet within a shopping center located at 171 Wexford Bayne Road in Wexford, Pennsylvania. The lease provided that Allure leased

> those certain premises designated on the attached Exhibit "A" as Tenant Suite No. 1 containing one thousand three hundred nine (1,309) square feet ("Leased Square Feet") of space (hereinafter the "Premises"), within a commercial building located at 171 Wexford-Bayne Road (hereinafter referred to as "Building") in Wexford, Pennsylvania. The premises represent 21.4 percent of the total occupiable square footage of the Building.

Lease, 8/6/04, at 1. The lease included a Noncompetition Clause that provided that Allure would be the only hair salon in the Premises: "Lessor shall not lease, rent or permit any tenant or occupant of the Premises, other than

the lessee, to conduct any activity on the premises which consists of skin care, pedicure, manicure, or hair design/styling services." Id. at 15.

The trial court wrote:

The Lease was initially for a five (5) year term expiring October 31, 2009. Although Allure had options to renew the Lease for additional five (5) year periods after the expiration of the initial term, it declined to exercise such options. Instead, Allure preferred to enter into one (1) year lease extensions in each of the next seven (7) years following the initial term. The most recent extension was executed by the parties on or about September 21 2015 and covered the period November 1, 2015 through October 31, 2016. On April 14, 2016, George notified Allure that he was terminating the Lease at the expiration of the current extension (i.e., October 31, 2016). He also indicated he would consider negotiating a new lease with Allure as long as the new lease did not contain a non-competition clause. At the time of the hearing in this matter, the parties had not negotiated a new lease and the Allure Lease expired on October 31, 2016.

Defendant [Jaam] is a limited liability company owned by George. Jaam acquired property situated at 181 Wexford-Bayne Road, which is adjacent to the property owned by George at 171 Wexford-Bayne Road, by deed dated November 16, 2010 and recorded January 6, 2011. The 181 Wexford-Bayne Road property has been developed by [George and Jaam] almost identical[ly] to the 171 Wexford-Bayne Road property in terms of appearance and design. The two properties have separate buildings, but they share a curb cut (as well as parking and common area expenses), and the properties have been consolidated into a single lot and block number on the Allegheny County real estate website.

Allure's owners began to hear rumors in 2015 of a new salon locating to [the 181 Wexford-Bayne Road] property and confronted George about it prior to entering into their current one-year lease extension. George denied entering into a lease with a competing tenant, despite the fact that he had been negotiating with Sola Salon, a business that provides hair salon services similar to Allure but on a larger scale. On November 10, 2015, [Jaam] entered into a ten (10) year lease with Eleven Eleven Pennsylvania, LLC (d/b/a Sola Salon Studios) for a portion of the building constructed on 181 Wexford-Bayne Road. Sola Salon has

constructed substantial tenant improvements totaling $663,000 in the property and is paying annual rent to Jaam in the amount of $135,450. When Allure learned of Sola Salon Opening in the adjacent building, Allure asked to be released from the remaining eight (8) months of its lease so it could pursue other space in the area, but Defendants refused.

Trial Court Memorandum, 2/2/18, at 1-3.

Allure filed a complaint against George and Jaam alleging breach of contract and later amended its complaint to add a count for fraud. Allure alleged in its contract claim that George and Jaam breached the Noncompetition Clause in Allure's lease by entering a lease with a competing hair salon, Sola Salon, for space in the building next door to Allure. Allure alleged in its fraud claim that George fraudulently induced Allure to renew its lease by lying that he was not negotiating a lease with a rival salon.

On February 2, 2018, following a non-jury trial, the trial court entered a memorandum and order ruling in favor of Allure on its breach of contract claim in the amount of $20,392.40. Id. at 5. The trial court held that George and Jaam breached the Noncompetition Clause in Allure's lease by entering a lease with a competing hair salon, Sola Salon, for space in the building next door. The court, however, did not award damages on Allure's fraud claim, even though it criticized George's fraudulent behavior in the course of deciding the contract claim. Id. at 6 (observing that George "chose . . . to lie to [Allure] about, or at least conceal, the fact that he was leasing to another hair salon").

Allure filed post-trial motions in which it complained that the trial court failed to award various items of damage on the contract claim and failed to

decide the fraud claim. George and Jaam filed post-trial motions as well. The trial court denied the parties' post-trial motions, and they cross-appealed to this Court at the above captioned numbers. The trial court did not order the parties to file Pa.R.A.P. 1925(b) statements and did not file a Pa.R.A.P. 1925(a) opinion. Allure subsequently perfected all appeals by filing a praecipe for entry of judgment on the decision.

Allure raises the following issues in its appeal at 629 WDA 2018:

I. Whether the trial court erred in denying [Allure]'s Motion for Post-Trial Relief?

II. Whether the trial court erred in as a matter of law in denying the issues raised by [Allure]'s Motion for Post-Trial Relief as follows:

a. The Court did not issue a ruling on the claim of Fraudulent Misrepresentation, which was added by way of Amended Complaint on January 5, 2017, and properly before the Court, especially as the Court found "Defendant George also chose to either lie to [Allure] about, or at least conceal, the fact that he was leasing to another hair salon."

b. Additionally, the Court erred in failing to analyze the damages through Restatement Second of Property; Landlord & Tenant 7.2 as prescribed in Teodori v. Werner, 415 A.2d 31, 34 (Pa. 1980).

c. By failing to find that [Allure], as tenant, had the first right of refusal under the lease and [was] therefore entitled to remain on the property indefinitely and that the Landlord's termination of the lease was impermissible under Section 2 of the Lease.

III. Whether the Court abused its discretion in ruling against the weight of the evidence in the following manners:

a. By failing to award lost profits to [Allure] under either of the following two arguments: 1.) the employees left [Allure] as a

direct consequence of the Defendants' actions in leasing the property to a competitor; and/or 2.) [Allure] was not able to fill open positions in a timely manner as a result of Defendant[s] leasing the property to a competitor, leading to significant lost profits.

b. By failing to rule in favor of the weight of the clear evidence that [Allure] was unable to fill empty employment positions for over six months, thereby causing lost profits, as a direct result of the Defendants' action.

c. By failing to consider the lost profits as introduced into evidence at trial by Judy Campbell between the 2016 and 2015 tax returns in the amount of $60,919.00.

d. By failing to award moving and construction costs in light of evidence presented at trial in the amount of $40,960.20 and the Restatement Second of Property; Landlord & Tenant 10.2 in light of the evidence presented.

e. The Court's determination that text messages between [Allure] and a prospective employee were inadmissible hearsay and not properly authenticated over [Allure]'s objections that it was admissible evidence as provided under Commonwealth v. Mosley, 114 A.3d 1072 (Pa. Super. 2015); see also Commonwealth v. Koch, 106 A.3d 705 (Pa. 2014). Tamara McCleary was not permitted to testify as to her own text messages which she sent and received. This evidence would have further established [Allure]'s inability to fill critical positions, i.e., further evidence of lost profits[,] as profits are generated by having stylists in the salon.

Allure's Brief at 4-7.

George and Jaam raise the following issues in their cross-appeal at 588 WDA 2018:

I. Whether the court erred as a matter of law in finding that a lease in after-acquired property was a breach of the non-competition restrictions.

II. Whether Landlord/Appellants are entitled to judgment as a matter of law since the trial court held the damages claimed were not proven or proximately caused by the actions complained of.

III. Whether the court erred as a matter of law by basing its decision on its decision on its belief that Landlord "made a poor business decision in holding [Allure] to the remaining months of its lease" and therefore awarding rent abatement.

George and Jaam's Brief at 4.

To review these cross-appeals properly, we require the trial court's analysis of all issues raised in the parties' briefs. The February 2, 2018 memorandum and order implicitly denies Allure's fraud claim but fails to provide any reason for this decision. The memorandum and order further did not explain why the court denied lost profits. Nor did the court file a Pa.R.A.P. 1925 opinion following the parties' cross-appeals that examined each issue raised by the parties. A comprehensive trial court opinion that addresses all issues raised on appeal is essential to the appellate process. The absence of such an opinion in this case is impeding effective appellate review.

Accordingly, we remand this case with instructions for the trial court to prepare a detailed opinion on all issues raised in the parties' briefs. To assist the trial court in performing this duty, we direct the prothonotary to remand the certified record to the trial court along with all briefs filed by the parties in this Court. Within thirty days after receipt of the certified record, the trial court shall file its opinion with its prothonotary, who shall promptly transmit the certified record and opinion back to this Court for further review.

Case remanded for proceedings in accordance with the foregoing instructions. Jurisdiction retained.